E. C. MILLER CEDAR LUMBER CO. *v.* UNITED STATES (J. F. SHARP LUMBER CO. ET AL., PARTIES IN INTEREST) (No. 4003)[1]

United States Court of Customs and Patent Appeals, November 30, 1936

*Pickrell & McDonald* for appellant.

*Allan R. Brown* and *Fred J. Carter* for Parties in Interest.

*Joseph R. Jackson*, Assistant Attorney General (*Ralph Folks*, special attorney of counsel), for the United States.

[1] T. D. 48702.

[Oral argument October 5, 1936, by Mr. Brown, Mr. Pickrell, and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, First Division, dismissing the protest of appellant—an American manufacturer—against the assessment of duties by the collector at the port of Seattle, Wash., on certain imported lumber.

The merchandise in question, imported into the United States from the Dominion of Canada, consists of beveled cedar siding lumber, and fir. ceiling lumber. Due to the issues in the case, it is unnecessary to describe it in greater detail.

The collector classified the beveled cedar siding lumber as free of duty under paragraph 1803 of the Tariff Act of 1930, but assessed it with duty at $3 per thousand feet, board measure, under section 601 (c) (6) of the Revenue Act of 1932, and assessed the fir ceiling lumber with duty at the rate of $1 per thousand feet, board measure, under paragraph 401 of the Tariff Act of 1930, and at $3 per thousand feet board measure, under section 601 (c) (6), *supra*.

The pertinent parts of paragraphs 401 and 1803, *supra*, and section 601 (c) (6), *supra*, read:

PAR. 401. Timber hewn, sided, or squared, otherwise than by sawing, and round timber used for spars or in building wharves; sawed lumber and timber not specially provided for; all the foregoing, if of fir, spruce, pine, hemlock, or larch, $1 per thousand feet, board measure, and in estimating board measure for the purposes of this paragraph no deduction shall be made on account of planing, tonguing, and grooving; · * * *.

PAR. 1803. Wood:

(1) Timber hewn, sided, or squared, otherwise than by sawing, and round timber used for spars or in building wharves; sawed lumber and timber, not further manufactured than planed, and tongued and grooved; all the foregoing not specially provided for: * * *.

SEC. 601 (c) (6) Lumber, rough, or planed or dressed on one or more sides, except flooring made of maple (except Japanese maple), birch, and beech, $3 per thousand feet, board measure; but the tax on the articles described in this paragraph shall apply only with respect to the importation of such articles.

The authority for the filing of a protest by an American manufacturer is contained in section 516 (b) of the Tariff Act of 1930, the material part of which, so far as the issues here are concerned, reads:

* * * The Secretary shall direct the collector at such port to notify such manufacturer, producer, or wholesaler immediately upon the liquidation of the first of such entries to be liquidated. Such manufacturer, producer, or wholesaler may file, within thirty days after the date of such liquidation, with the collector of such port a protest in writing setting forth a description of the merchandise and the classification and the rate of duty he believes proper. * * *

It appears from the record that the entry was liquidated by the collector on September 28, 1935, and that the protest was filed on

November 12, 1935, more than thirty days after the date of liquidation. It further appears from appellant's protest that appellant was not notified of the collector's liquidation until October 19, 1935, on which date the collector addressed a letter to appellant notifying it of such liquidation.

A motion to dismiss the protest was filed in the trial court by counsel for the importer, upon the ground that, as it was not filed within thirty days after the date of the collector's liquidation, the protest was untimely, and, therefore, the court had no jurisdiction to consider it.

The trial court sustained the motion, and dismissed the protest on the ground that section 516 (b), providing for the filing of a protest by an American manufacturer within thirty days after the date of liquidation, fixed a definite and limited period of time in which an American manufacturer might file a protest; that the provisions in question had all the essential attributes of a statute of limitations; and that, although it appeared from the protest that the collector had failed to notify the protestant immediately after liquidation, appellant had eight days after receipt of the notice within which to file its protest, and, having failed to file it within the time provided by the statute, the court did not have jurisdiction either to extend the statutory period within which the protestant might file its protest, or to review the action of the collector.

It is the contention of counsel for appellant that, under the provisions of section 516 (b), *supra*, a protestant is entitled to a *period of thirty days after receipt of the notice of liquidation* of an entry within which to file its protest; that the collector did not notify appellant of the liquidation of the entry of the merchandise in question until October 19, 1935; and that, as appellant's protest was filed on November 12, 1935, within thirty days after notification of such liquidation, it was timely.

It is perfectly clear from section 516 (b), *supra*, that it was the duty of the collector, under the direction of the Secretary of the Treasury, to notify the American manufacturer immediately after the involved entry was liquidated. The statute does not contemplate any such delay as it is alleged occurred in this case. However, the sole question before us is whether, under the provisions of section 516 (b), *supra*, an American manufacturer may file a protest within thirty days after notification of the collector's liquidation, or whether such protest must be filed within thirty days after the date of such liquidation.

It will be observed that section 516 (a) of the Tariff Act of 1930 provides that an American manufacturer, producer, or wholesaler may, "within thirty days after the date of the mailing" to it of notice by the Secretary of the Treasury, as provided for therein, appeal for a reappraisement of imported merchandise. The Congress having been specific in that instance, we think that, had it intended to give

the American manufacturer thirty days from the date of notice of liquidation within which to file a protest, it would have said so.

The quoted language of section 516 (b), *supra*, is clear and unambiguous. It definitely limits the time within which an American manufacturer may file a protest to thirty days after liquidation, and neither the trial court nor this court has the power to extend that period of limitation.

We are in entire accord with the conclusion reached by the trial court, and its judgment, dismissing appellant's protest, is affirmed.

BLAND, Judge, dissents.